IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARILYN DALEY, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-1199-K-BK |
| § | |
| EDUARDO MIHALOGLOU, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

On May 25, 2021, Plaintiff Marilyn Daley, a Dallas County resident, filed her *pro se* complaint in this federal suit against Defendant Eduardo Mihaloglou, a Tarrant County resident. Doc. 3 at 1-2 (the *Civil Cover Sheet* lists county of residence).  Dailey alleges *in toto*:

> In state court for 4 yrs with no rulings.  Defendant now seeking to take only thing we had away.  He seeks to alienate my entire family from my granddaughters.  We now been until to see the girls because of a CPS claim he made.  One of 5 and a court TRO.

Doc. 3 at 1 (grammatical errors and misspelling in original).

In the *Civil Cover Sheet*, Daley checked the box for "U.S. Government Defendant" as the jurisdictional basis for her complaint and "other civil rights" for the nature of suit.  Doc. 3 at 2.

For the cause of action, Daley alleges "alienation of children from me. Daughter deceased questional [sic] circumstances. I am the only one that [sic] can ensure culture." Doc. 3 at 2.[1]

Dallas County online records confirm that a suit affecting the parent-child relationship was filed on June 6, 2017 by Daley and her spouse against Mihaloglou and another now-deceased individual, and is pending under case number DF-17-11338 in the 302nd Judicial District Court of Dallas County, Texas. Daley is represented by counsel in that case, which is scheduled for a bench trial on July 7, 2021.[2]

## II.  ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no

---

[1] Daley also checked the box for the defendant's citizenship as "citizen or subject of a foreign country" but does not allege any facts that support diversity jurisdiction. Doc. 3 at 2.

[2] The state court docket sheet for case number DF-17-11338 is available on the Dallas County website at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed June 2, 2021).

federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Daley's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Daley has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction, including no allegation that a federal law was violated. Doc. 3 at 1. Moreover, that Daley checked the boxes on the cover form for "other civil rights" and "U.S. Government defendant" when filing this case is insufficient to confer subject matter jurisdiction on this Court.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). However, here, the facts as alleged by Daley clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV.   CONCLUSION

For the foregoing reasons, Daley's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on June 2, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).